[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 42.]

THE STATE EX REL. LITCO WOOD PRODUCTS, INC., APPELLANT, *v.*
ADMINISTRATOR, OHIO BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *State ex rel. Litco Wood Products, Inc. v. Ohio Bur. of Workers'
Comp.*, 1999-Ohio-218.]

*Workers' compensation—Mandamus sought to compel Administrator of the Ohio
Bureau of Workers' Compensation to recalculate relator's merit rating for
the years 1994, 1995, and 1996, by using a formula that excludes the claim
costs that relator incurred while participating in a Retrospective Rating
Plan—Writ denied, when.*

(No. 98-573—Submitted September 15, 1999—Decided October 13, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD08-1036.

————————

*Christopher J. Shaw*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*,
Assistant Attorney General, for appellee.

————————

*Per Curiam.*

{¶ 1} Litco Wood Products, Inc. ("Litco"), appellant, requests a writ of
mandamus ordering the Administrator of the Ohio Bureau of Workers'
Compensation ("BWC"), appellee, to recalculate Litco's State Insurance Fund
merit rating for the years 1994, 1995, and 1996, by using a formula that excludes
the claim costs Litco incurred while participating in a Retrospective Rating Plan
("RRP"). The Court of Appeals for Franklin County denied the writ, finding that
BWC calculated Litco's merit rating correctly. We affirm.

{¶ 2} RRP's are authorized by R.C. 4123.29(A)(3). In recommending that
the court of appeals deny relief, the court's magistrate deftly summarized the

conditions an RRP imposes:

"Under [an] RRP, the employer agrees to assume a portion of the risk for claims [that] may arise in exchange for a possible reduction in its workers' compensation premium. The RRP employer pays the [BWC] only a percentage of the base rate premium, but it is then obligated to reimburse the actual compensation and benefits incurred in the claim for a ten[-]year period. * * * "

{¶ 3} More specifically, the employer agrees "to reimburse the [BWC] on a dollar for dollar basis, subject to a minimum and a maximum amount for the actual cost of the claims which occurred during each experience year and for a total of ten years thereafter."

{¶ 4} Litco switched from BWC's State Insurance Fund merit rating system to participating in an RRP on July 1, 1991. Litco continued to participate in the RRP until July 1, 1994, when it returned to the State Insurance Fund merit rating system. Thus, from July 1, 1991 until July 1, 1994 and for the ten years that followed, Litco continued to be liable, within the terms of the RRP, for the actual claims costs attributable to that three-year period.

{¶ 5} Since Litco's resumption of its State Insurance Fund employer status, BWC has been required to determine Litco's merit rating for the subsequent premium years. In calculating the merit rating for 1994-1995, 1995-1996, and 1996-1997, BWC used a formula based, in part, on the claim costs Litco incurred under the RRP. Litco protested the incorporation of these costs, but the Ohio Workers' Compensation Board Subcommittee overruled the protest. The board subcommittee adopted the decision of BWC's Adjudicating Committee, which comprehensively presented the parties' arguments and the committee's reasons for ruling in BWC's favor:

"The employer's representative explained that as a retrospectively-rated employer, Litco will continue to pay the costs of claims incurred during the pendency of the retro-plan years as those costs arise in future years for a period of

2

ten years from the policy year. He conceded that had these claims been incurred while the employer was participating in a premium rating year whereby BWC paid all costs, without reimbursement, these claims costs (including reserves) would have been included in the ratemaking formula for the 7/1/94 policy year, but since the employer reimburses BWC for these claims costs, the inclusion of these claims in the ratemaking formula amounts to double liability. The employer's representative said that none of the claims in issue [has] reached the maximum claim value and for none of the retro policy years has the employer reached the maximum premium. Because BWC had no losses on these claims BWC cannot collect the reimbursable amounts and also consider those amounts when calculating the premium for a traditional plan for the '94 policy year.

"BWC's representative explained that the use of these claims costs is to assess the relative claims history of employers in order to determine whether individual employers should be assessed an experience modification for the upcoming policy year. Whether BWC recouped the claim[s] payments had no bearing on the credibility of the statistics used to compare history for ratemaking purposes. The claims payments and related reserves are used for comparison purposes to identify those employers with better-than-average experience (for a credit modification) and to identify those employers with a worse-than-average experience (for a penalty modification). Once the statistics are evaluated and a comparison is made, the rates for the employers within a particular manual classification are set. These rates use the claims payments for statistical analysis to predict future performance, not to collect additional sums to pay future costs incurred in claims.

"The Committee reviewed the use of claim[s] payments as a methodology to evaluate employers' experience and finds that this employer's protest is * * * [meritless]. To ignore known claims history would shift to this employer's competitors the risk that this employer's worse-than-average history will continue

into the '94 policy year. The employer's duty to reimburse claims costs is a separate obligation for the current obligation to pay present premium based upon the evaluation of the employer's experience for the oldest four of the past five years."

{¶ 6} We concur, as did the court of appeals, in the committee's rationale for concluding that BWC correctly included Litco's RRP claim costs in the formula for determining its merit rating. BWC considered the claims costs incurred due to Litco's RRP participation only to project the cost of future claims in accordance with R.C. 4123.34(B), as supplemented by Ohio Adm.Code 4123-17-03. It did not charge Litco "double" for the already incurred claims. The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed*
*and writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____